UNITED STATES DISTRICT
COURT DISTRICT OF COLORADO

CASE NO.:

ACCESS 4 ALL INCORPORATED
and FABIOLA MUNOZ,

    Plaintiff,

v.

CORSA INVESTMENT, LLC D/B/A
ECONO LODGE DIA,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues, CORSA INVESTMENT, LLC D/B/A ECONO LODGE DIA (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. The is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

1

4. Plaintiff, FABIOLA MUNOZ, is an individual over eighteen years of age, who splits her time between Florida and Colorado, and is otherwise *sui juris*. Plaintiff, FABIOLA MUNOZ, is also a member of the Florida Not for Profit Corporation, ACCESS 4 ALL INCORPORATED.

5. Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6. At all times material, Defendant, CORSA INVESTMENT, LLC D/B/A ECONO LODGE DIA, was and is a Colorado Limited Liability Company, organized under the laws of the state of Colorado, with its principal place of business in Aurora, Colorado.

7. At all times material, Defendant, CORSA INVESTMENT, LLC D/B/A ECONO LODGE DIA, owned and operated a hotel business and place of public accommodation located at 15900 E 40th Avenue, Aurora, Colorado 80011 (hereinafter the "Commercial Property").

8. Venue is properly located in the District of Colorado because Defendant's Commercial Property is located in Englewood, Colorado, Defendant regularly conducts business within Englewood, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Englewood, Colorado.

FACTUAL ALLEGATIONS

9. Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people

who are disabled in ways that block them from access and use of Defendant's Commercial Property and the business therein, including the retail shopping store.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA. FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that causes loss of use to her lower extremities. She is limited in her major life activities by such, including but not limited to walking and standing. Plaintiff, FABIOLA MUNOZ, is also a member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, discussed below.

13. Defendant, CORSA INVESTMENT, LLC D/B/A ECONO LODGE DIA, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Englewood, Colorado, that is the subject of the Action.

14. The subject Commercial Property is open to the public and is located in Englewood, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about September 1, 2021 through September 2, 2021 encountering multiple violations of the ADA that directly affected her ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the business located within the Commercial Property, in order to avail herself of the goods and services offered to the public at the business therein, if the property/business become accessible.

15. Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer. She

attended a quarterly meeting for member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, as a member, as well as visited with local friends and attended a concert. She intends to return to the Commercial Property and business therein in order to avail herself of the goods and services offered to the public at the property.  Plaintiff spends much of her time in and near Arapahoe County, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendant's Commercial Property and the business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' times of the filing of the Complaint as he regularly conduct business in Colorado and plans to rent or buy property there soon.

16. The Plaintiff found the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue her patronage and use of the premises.

17. The Plaintiff, FABIOLA MUNOZ, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.  The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered her safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, FABIOLA MUNOZ, and others similarly situated.

18. Plaintiff, ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation.  Members of the organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of the organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members

4

are not discriminated against because of their disabilities. Plaintiff, ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow her or her to bring suit in her or her own right. Plaintiff, FABIOLA MUNOZ, has also been discriminated against because of its association with its disabled members and their claims.

19.     Defendant, CORSA INVESTMENT, LLC D/B/A ECONO LODGE DIA, owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns and operates is the Commercial Property business located at 15900 E 40th Avenue, Aurora, Colorado 80011 .

20.     Plaintiffs, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I and II of the Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail herself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure herself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal

enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

## COUNT I – ADA VIOLATIONS
## AS TO CORSA INVESTMENT, LLC D/B/A ECONO LODGE DIA

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, CORSA INVESTMENT, LLC D/B/A ECONO LODGE DIA, has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

23. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. Parking

i. Accessible spaces lack compliant aisles, they are obstructed by curb (< 60" wide) impeding Fabiola Munoz from unloading and violating the ADAAG and ADAS Section 502.

ii. Parking spaces are not on the nearest, most direct accessible route from parking to access facility entrances, violating the ADAAG and ADAS Section 502. Preventing Fabiola Munoz from safely accessing Econo Lodge DIA (CO735) without rest or assistance.

iii. Fabiola Munoz was unable to find signs posted at insufficient heights of Obstructed by Untrimmed Tree (< 60" AFF) violating ADAAG Section 4.6 and ADAS Section 502.

iv. Fabiola Munoz was prevented from safely exiting his vehicle at Econo Lodge DIA (CO735) which lacks accessible unloading areas or (60" W x 20' L) are on Less than 20' Long slopes (> 2%) in violation of ADAAG Section 4.6.6 and Section 503 of the 2010 ADAS.

B. <u>Entrance Access and Path of Travel</u>

i. There is no compliant route from transit, sidewalk, and parking areas for Fabiola Munoz to access Econo Lodge DIA (CO735) which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii. Accessible routes at Econo Lodge DIA (CO735) have > 6% cross slopes (>2%) creating hazardous conditions for Fabiola Munoz in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii. Accessible routes at Econo Lodge DIA (CO735) have > 10% cross slopes (>2%) creating hazardous conditions for Fabiola Munoz in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iv. Accessible routes at Econo Lodge DIA (CO735) have changes in level of > 1" (>3/4") creating hazardous conditions for Fabiola Munoz violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

v. Ramps at Econo Lodge DIA (CO735) lack compliant landings at top and bottom of each run (30" rise max) endangering Fabiola Munoz and violating the ADAAG and ADAS Section 405.

vi. Ramp surface contains an excessive slope/side slope of Up to 21% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

vii. Ramp surface contains an excessive slope/side slope of Up to 6% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

viii. Doors in Econo Lodge DIA (CO735) have inadequate maneuvering clearance of As Little as 3" and on Slopes (see chart) preventing use by Fabiola Munoz violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

ix. Path of travel connecting areas of Econo Lodge DIA (CO735) are As Little as 23" with no Wheel Stops to Prevent Vehicle Overhang (<36" or 32" for < 2') below required width, violating ADAAG Section 4.3 and Section 403 of the ADAS.

C. Access to Goods and Services

i. Counters are > 42" with Lowered Area Obstructed, in excess of 36", preventing Fabiola Munoz from using, in violation of Section 7.2 (1) of the ADAAG.

ii. Table knee and toe space is 27", high (27" min) and 0" deep (17" min), preventing use by Fabiola Munoz.

iii. Self-service dispenser controls are > 48" Over Excessive Obstruction (48" max), outside of the reach ranges prescribed, preventing use by Fabiola Munoz.

D. Public Restrooms

i. Fabiola Munoz cannot access the restroom at Econo Lodge DIA (CO735) because the Restroom door has improper hardware, violating Section 4.13.9 of the ADAAG.

ii. Fabiola Munoz unable to use Mirror due to bottom-reflecting surface 42" (40" AFF max), violating the ADAAG and 2010 ADAS.

iii. Fabiola Munoz is unable to reach Dispenser controls Up to 60" AFF (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

iv. Toilet has improper centerline >19" from side wall; (16" to 18"), denying access to Fabiola Munoz, violating the 2010 ADAS.

v. Toilet flush valve not mounted on wide side, denying access to Fabiola Munoz, violating the ADAAG and 2010 ADAS Sec. 604.

E. <u>Accessible Guestrooms and Suites</u>

i. Maneuvering space at bed(s) 16" (36" min) on sides or between two beds, prevents Fabiola Munoz's transfer to either bed, violating the ADAAG and 2010 ADAS Section 1008.

ii. Drapery wands or controls on lamps or HVAC units are of inaccessible design or > 48" AFF Inaccessible Design and > 48" AFF, violating the ADAAG and 2010 ADAS Sections 308 and 309.

iii. Rods and shelves in closets or wall mounted units > 48" AFF Up to >60" or lack the clear floor space for Fabiola Munoz to approach, violating the ADAAG and 2010 ADAS Section 308.

iv. Accessible toilet in accessible guestroom bathroom centerline of > 19" (16"-18") from adjacent side wall, preventing Fabiola Munoz from safely using the grab bars.

v. Accessible guestroom bathroom lavatory drain, and hot water pipes are not insulated or otherwise configured to protect against contact, creating a hazardous condition for Fabiola Munoz, violating the ADAAG and 2010 ADAS Section 606.

vi. Adjustable height hand-held shower wand with a 60" long hose is not provided < 48" AFF > 48" in Lowest Position to Grasp Controls for Fabiola Munoz, violating the ADAAG and 2010 ADAS Sections 308 and 607.

vii. Roll-in shower is not 30" wide by 60" long or 36" wide by 60" Inaccessible Design, as configured in 2010 ADAS Figure 608.2.2 or 608.2.3, preventing use Fabiola Munoz.

viii.  Roll-in Shower lacks a securely fastened folding seat at 17"-19" AFF for Fabiola Munoz to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.

ix.  Staff at Econo Lodge DIA (CO735) unavailable to move furniture or adjust accessible features requiring installation or adjustment (e.g.: installing bathtub seats, lowering adjustable shower wands, violating 28 CFR 36.302(a).

## RELIEF SOUGHT AND THE BASIS

24.  The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the

Americans with Disabilities Act.

26. Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29. Notice to Defendant is not required as a result of the Defendant's failure to cure

the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

30. Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates its business, located within the Commercial Property located in Englewood, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiffs, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems

just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 18, 2021

                                    **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO  80202
Telephone:  (720) 996-3500
Facsimile:   (720) 381-0515
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By:     */s/ Anthony J. Perez*
       ANTHONY J. PEREZ
       Florida Bar No.: 535451
       BEVERLY VIRUES
       Florida Bar No.: 123713