IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02788-MEH

ACCESS 4 ALL INC., and
FABIOLA MUNOZ,

    Plaintiffs,

v.

CORSA INVESTMENT, LLC,
d/b/a Econo Lodge DIA,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**

    Before the Court are the parties' Cross-Motions for Summary Judgment. ECF 20 & 21. They are fully briefed, and the Court finds that oral argument will not materially assist in their adjudication. For the following reasons and based on the submitted record, Defendant's Motion for Summary Judgment (ECF 20) is granted, and Plaintiffs' Motion for Summary Judgment (ECF 21) is denied as moot.

## BACKGROUND

**I.    Claim for Relief**

    In her Complaint (ECF 1), Plaintiff Fabiola Munoz describes herself as a paraplegic who uses a wheelchair to ambulate. *Id.* at ¶ 12. She "splits her time between Florida and Colorado." *Id.* at ¶ 4.

    Plaintiffs brought suit against Defendant as the owner and operator of "a hotel business and place of public accommodation located" in either the town of Aurora, Colorado (as pleaded at

¶ 7) or Englewood, Colorado (as pleaded at ¶¶ 8, 13-14). Plaintiff Munoz visited Defendant's hotel on September 1 and September 2 of 2021. Plaintiff adds that "he [sic] plans to return and often visits the Commercial Property and the business located within the Commercial Property . . . if the property/business become accessible." *Id*. at ¶ 14. Plaintiff repeats her intention to avail herself of the hotel at Paragraph 15. She alleges that not only did she actually visit the property, but she "regularly" does so "as a patron/customer," expressing the intent to return within four months' time of October 18, 2021. She "visited with local friends and attended a concert," and she "spends much of her time in and near Arapahoe County, Colorado." Plaintiff concludes Paragraph 15 by asserting that "he [sic] regularly conduct[s] business in Colorado and plans to rent or buy property there soon."

Plaintiff describes the hotel property as "rife with ADA violations." *Id*. at ¶ 16. Those barriers "denied or diminished [her] ability to visit the Commercial Property," "endangered her safety," and "posed a risk of injury(ies), embarrassment, and discomfort." *Id*. at ¶ 17. Plaintiff sues Defendant under 42 U.S.C. § 12188 of the Americans with Disabilities Act ("ADA") to remove the barriers. She "wishes to continue her patronage and use of the premises." *Id*. at ¶ 16.

**II.    Defendant's Statement of Undisputed Material Facts ("DSUMF")**

1. Plaintiffs commenced this civil action on October 18, 2021. ECF 1.

2. Defendant owns and operates the EconoLodge DIA hotel which is located in Aurora, Colorado. *Id*. at ¶ 7.

3. In their Complaint, Plaintiffs allege thirty ADA violations in the exterior and interior of the property. *Id*. at ¶ 23.

4–9. These statements by Defendant consist essentially of its complaint about Plaintiffs' alleged delayed production of their Initial Disclosures.

10. Plaintiffs' expert witness, Gene Mattera, inspected the hotel property on April 26, 2022.

11-12. The Court notes that the statements in these paragraphs also concern Defendant's complaint about alleged late-produced discovery.

13. On May 30, 2022, Defendant served its first set of discovery requests on Plaintiffs.

14. Also on May 30, 2022, Defendant gave Plaintiffs the report of its expert witness, John Garra (although Plaintiffs complain that Mr. Garra did not disclose his compensation for writing it.)

15. That next day, on May 31, 2022, Plaintiffs sent Mr. Mattera's report to Defendant. (The parties dispute whether Mr. Mattera also failed to disclose his compensation.)

16–26. The Court notes that in these paragraphs, Defendant raises more discovery complaints including whether Plaintiffs properly designated Mr. Mattera's report as rebuttal opinion.

27. Defendant's expert witness, Mr. Garra, reinspected the property on July 20, 2022. Plaintiffs respond that they "have no way to confirm or deny" whether Mr. Garra determined thirteen of the alleged thirty violations to have been repaired and ADA-compliant. ECF 27 at ¶ 27.

28. Plaintiffs likewise respond that they "have no way to confirm or deny" (*id*. at ¶ 28) Defendant's assertion that it completed all remedial work before the dispositive motions deadline [of July 29, 2022] except for "the final few concrete repairs" which it will complete by August 12, 2022 "due to supply chain delays and shortages" (ECF 20 at ¶ 28).

29. Neither Plaintiffs nor Defendant took any depositions in this case.

30. Neither Plaintiffs themselves nor their expert witness reinspected the property after April 26, 2022.

31. It follows then, the Court notes, that Plaintiffs likewise did not inspect the property after Defendant's expert witness, Mr. Garra, did so on July 20, 2022 (if Plaintiffs and their expert witness has last inspected it on April 26, 2022).

32. The discovery deadline was June 30, 2022.

### III. Plaintiffs' Statement of Undisputed Material Facts ("PSUMF")

1–6. Plaintiffs repeat the allegations that they make in their Complaint, which the Court includes in the above "Claim for Relief" section.

7. Plaintiffs' expert witness, Mr. Mattera, proposed in his report a method to make the ADA repairs.

### IV. Plaintiff Munoz' Affidavit

Ms. Munoz submits into the record at ECF 27-5 a signed (but undated) affidavit. In it, she affirms that she visited the hotel on September 1 through September 2 of 2021. *Id*. at ¶ 6. She also submits a credit card payment receipt showing that she paid for that night's stay. However, the receipt shows that she was there only on September 2, 2021, checking-in at 1:52 a.m. that morning and leaving at 1:00 p.m. that afternoon. The receipt also gives a Florida address for her.

Ms. Munoz further represents her definite plan to return "in the very near future," "both as a patron and in order to verify compliance with the ADA." Specifically, she "intend[s] to return to Colorado the last week of August 2022 and will revisit the property." ECF 27-5 at ¶ 8.

### LEGAL STANDARDS

### I. Fed. R. Civ. P. 56(c)

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). A court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show

there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247–48 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324).

"[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws

5

all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

**II.     Standing**

A federal court has the independent obligation to assure itself that it has the subject matter jurisdiction to hear a lawsuit. As applied here, that jurisdictional inquiry includes affirming that Plaintiffs have standing. *Laufer v. Sub*, No. 20-cv-02555-WJM-MEH, 2022 WL 540655, at *2 (D. Colo. Feb. 23, 2022), recommendation adopted, 2022 WL 1468117 (May 10, 2022).

Even if she has "tester standing" under the statute, she also must meet "the general requirements of standing." *Brito v. Denver Convention Ctr. Hotel Auth.*, No. 20-cv-02719-PAB-KMT, 2021 WL 4149619, at *6 (D. Colo. Sept. 13, 2021) (citing *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014)). For Plaintiff Munoz to have standing to bring this ADA public accommodation lawsuit, she must have "suffered a concrete, injury in fact." *Laufer*, 2022 WL 540655 at *3. A "concrete" injury is one that is real rather than abstract; actual or imminent rather than conjectural or hypothetical; and pose a substantial risk of impending harm. *Id*. (citing governing United States Supreme Court and Tenth Circuit case law). In *Laufer v. Looper*, 22 F.4th 871, 878 (10th Cir. 2022), the Tenth Circuit applied the injury-in-fact requirement in the ADA public accommodation context, emphasizing the need for such a plaintiff to have a concrete plan to return to the defendant's property. In other words, the plaintiff must have the *intent* to return. *Brito*, 2021 WL 4149619 at *6 (citing *Colo. Cross*, 765 F.3d at 1211-12 and *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004)).

"A mere expressed desire does not by itself imply an intent to return." *Brito*, 2021 WL 4149619 at *5 (citing *Tandy*, 380 F.3d at 1288). Nor may a plaintiff simply rely only on allegations of intent. *Id*. (citing *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th

6

Cir. 1987)). Instead, a plaintiff must demonstrate intent affirmatively with "actual testimony contained in affidavits detailing admissible facts" "or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Id*. at *6, n.5.

## ANALYSIS

Defendant argues defects preclude Plaintiffs' ability from prevailing on their ADA claim. Most notably, it contends that its recent renovations have corrected all barriers, thereby rendering the need for an injunction moot. Defendant also challenges Plaintiffs' standing to litigate Ms. Munoz' ADA claim. Because the Court agrees that standing is lacking on this record, it enters summary judgment in Defendant's favor on that basis alone, obviating the need to consider the merits of Defendant's additional arguments.

To survive summary judgment, Plaintiff Munoz must do more than rely on conclusory assertions of an intent to return. That is the same standard required of the plaintiffs who failed to overcome Rule 12(b)(1) jurisdictional attacks subject of the above cases. *E.g.*, *Brito*, 2021 WL 4149619 at n.5 (noting that the non-movant's burden under . . . Rule 12(b)(1) and Rule 56 are essentially the same"). However, her affidavit does not go beyond that. Indeed, her affidavit contains far less detail than what she pleads in her Complaint. She concedes in her Response that she "has only visited the property once." ECF 27 at 6. The only specific representation that her affidavit contains is the representation that she will return to the hotel during the last week of August 2022. Strangely, despite the affidavit being dated "Executed this _____ day of August 2022," there is no confirmation (much less indication) that she actually did so. She does not attach to her Reply (which she filed on September 6, 2022) an updated affidavit or documentary evidence to prove that she actually did return. Nor does the Final Pretrial Order (which she filed on September 19, 2022) mention this point.

The evidentiary record simply does not confirm that Plaintiff Munoz actually returned to the property, and Plaintiff herself provides no information or explanation to lend credibility to her claimed desire to return to this specific property. Not only is the record deficient in its own right, but she falls far short of evidentiary burden needed for someone with an extensive ADA litigation history. *Brito*, 2021 WL 4149619 at *5; *Laufer v. Campfield Prop., LLC*, No. 20-cv-03715-CMA-KLM, 2022 WL 1090557 (D. Colo. Mar. 31, 2022). Her failure to return also hinders her ability to challenge Defendant's assertion that it has in fact corrected the access barriers.

Co-Plaintiff Access 4 All, Inc. does not establish how it has representational standing to continue litigation the case without Ms. Munoz. Plaintiff herself lacks standing, and as Defendant emphasizes in its Reply, Access 4 All, Inc. provides no information to identify another member who does. A required element for associational standing is if "its members would otherwise have standing to sue in their own right." *Am. Forest & Paper Ass'n v. U.S. E.P.A.*, 154 F.3d 1155, 1158-59 (10th Cir. 1998).

## CONCLUSION

Plaintiff does not establish a credible intent to return. As a result, she cannot show the kind of concrete harm that the above case law requires of an ADA public accommodation plaintiff. Without a concrete, injury in fact, Plaintiff has no standing, and without another member who does, Access 4 All, Inc. faces the same obstacle. Because neither Plaintiff has standing, this Court lacks subject matter jurisdiction.

Accordingly, the Court **grants** Defendant's Motion for Summary Judgment [filed July 29, 2022; ECF 20] and **denies as moot** Plaintiffs' Motion for Summary Judgment [August 1, 2022; ECF 21]. Because of the jurisdictional defect, the Court dismisses Plaintiffs' Complaint without prejudice and directs the Clerk of Court to close this case.

Entered this 3rd day of October, 2022, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge